Mr. Chief Justice ShaRkey,
delivered the opinion of the court.
It seems that Denson, the’appellee, as administrator de bonis non on the estate of Michael McCaffrey, obtained an order from the probate court of Madison county, to sell the land of his intestate. Smith, the appellant, became the purchaser, and becoming apprehensive that he had not acquired a good title, he filed his petition in the probate court, praying that the sale should be set aside, alleging various irregularities and' defects in the proceedings of the administrator, previous to the procurement of the order of sale, and also irregularities in making the sale. 'The judge of probate dismissed the petition, supposing that he had not jurisdiction of the matter.
It is worthy of remark, in the first place, that there is no proof in the cause; we can only therefore notice such facts as may be admitted in the answer. The petition sets out the orders of court, in granting a citation to persons interested to appear at a subsequent term, and show cause why an order for the sale of the land should not be made, and also the order or decree of sale, made at that subsequent term; but that does not make them evidence unless the answer admits them.
The principal grounds relied on, for setting aside the sale are, 1. That the personal estate was not insufficient to pay the *337 debts. 2. That no citation requiring persons interested in the real estate, to appear and show cause against the sale, was set up at three public places for the space of thirty days, and published in a public newspaper for the same length of time, as required by the 76th section of the act, in reference to the estates of deceased persons. H. & H. Digest, 407. And 3, that the administrator did not advertise the saje as required by the 78th section, by putting up advertisements in three public places, forty days before the sale, and ~by publishing the same in a public newspaper for the same time.
On an application to sell land, the probate court is clothed with full power to hear the proofs of the administrator and other persons, and after such hearing, may order a sale of land if it should be deemed necessary. H. & H. Digest, 408, section 77. The law seems to place this question entirely at the ■discretion of the court, and when the court has settled that matter by ordering a sale, it does seem that that question should be closed. In this instance, even if we were disposed to question the determination of the court, there is no proof which would authorize us to do so.
As to the second ground relied on, that no citation issued, as the law requires, nothing appears except what is contained in the petition and answer. The petition sets out an order made at the April term, 1838, by which it was directed that a citation should issue, returnable to the June term. It also sets out an order of sale, made at the June term, by which the administrator was ordered to sell the land. This order it is insisted, was absolutely void, because McCaffrey left heirs who are still minors, living with their guardian, and that notice was not given by setting up the citation in three public places, and by publishing it .in a public newspaper for the time required by law, but that in fact the citation was only published in a newspaper, requiring persons interested to appear and contest the sale. Indeed the petition alleges that no such citation issued. The conclusion drawn by counsel, would necessarily follow the premises assumed. It was held, in the case of Campbell v. Brown, 6 Howard, 106, that a sale of real estate, made by an *338 administrator, without a, strict compliance with the law, by issuing a citation and advertising, was absolutely void, and that is now the settled law. But it does not necessarily follow, that the record in this case, calls for an application of the law in this particular. The answer does not admit that there was no citation. The question is therefore open. The court, it seems, did make an order of sale. This it could not legally do without a citation. We must presume, in the absence of all showing to the contrary, that the court acted correctly. It is possible that the parties interested, appeared without citation, and thus dispensed with it. At all events, anyone who asserts that the judgment of a court of competent jurisdiction, is void, for want of proper parties, should produce the record. This has not been done. The party relies solely on his petition, and although it may be true, still it is not such evidence as will justify us in declaring the judgment void. In courts of limited jurisdiction, the record should show everything necessary to give the court jurisdiction, and it was therefore an easy matter for the party to have placed the case before us in a proper attitude.
But it is also said that notice of the time and place of sale, was not published in a newspaper, and put up at three public places as the law directs. If so, the sale may be void, but this objection is premature. The sale by the administrator was matter in pais, and the administrator is expressly required to make report in writing of his proceedings to the probate court. If then, the court has power to set aside the sale, the proper time to do so, is when the administrator makes his report. Until then, the proceeding is not final; there is no judgment ratifying or approving the sale. If the administrator fails to make his report, the court may compel him to *do so. Until that report is made, the court cannot judicially know that a sale Ka's been made. The petition states that the administrator has "not yet reported his proceedings; when he does so, the party can make his objections to their validity, atrd if overruled he can appeal.
This view of the subject, renders it unnecessary that we *339 should determine on the power of the court to set aside and vacate its judgments. The judgments of the probate courts, like the judgments of other courts of law, are final and conclusive in matters over which they have jurisdiction. Griffith's Administrator v. Vertner and wife, 5 Howard, 736. Saxton v. Chamberlain, 6 Pickering. Parties aggrieved by their judgments may appeal, or a writ of error lies to correct errors in law. For an abuse of its process, it may no doubt interpose its power as other courts do. But if they may at any time open and reverse their own judgments, litigation would be endless.

Judgment affirmed.